

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,486-01

### EX PARTE BACILIO ROGRIGUEZMARTINEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W14-76665-W(A) IN THE 363RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was initially charged with Continuous Sexual Assault of a Child, but he pleaded guilty to Aggravated Sexual Assault of a Child. On January 18, 2018, the trial court entered a judgment nunc pro tunc clarifying that Applicant's offense of conviction was Aggravated Sexual Assault of a Child. Applicant was sentenced to 18 years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea is involuntary because TDCJ has breached the plea agreement. Applicant further asserts that TDCJ is violating the plea agreement by punishing him

beyond the agreed sentence. He explains that, when he entered his guilty plea, defense counsel and the prosecutor both informed him that he would serve half of his sentence (9 years) before becoming eligible for parole. However, he has been notified that TDCJ is requiring him to serve 13 years' "flat time" before releasing him from medium security housing, and 18 years' "flat time" before releasing him from TDCJ. We surmise from these alleged time credit requirements that TDCJ may have recorded Applicant's holding conviction as Continuous Sexual Assault of a Child rather than Aggravated Sexual Assault of a Child.

We remand this application to the trial court to complete an evidentiary investigation and enter findings of fact and conclusions of law. This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:          December 18, 2019
Do not publish